USCA1 Opinion

 

 September 13, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1088 UNITED STATES, Appellee, v. AARON S. LOWDEN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Arlene C. Halliday on brief for appellant. __________________ Jay P. McCloskey, United States Attorney, and Michael M. DuBose, ________________ __________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. In light of the government's concession ___________ that the weight of "liquid LSD" should have been recalculated in accordance with the 1993 amendment to U.S.S.G. 2D1.1(c), the amended sentence is hereby vacated and the case remanded for resentencing. See Loc. R. 27.1. The parties cannot by ___ agreement create error where none exists but we agree that, at least on the surface, the commentary arguably contemplates some adjustment where liquid LSD is involved. The government requests that we take this opportunity to set forth the proper methodology for calculating the weight of liquid LSD under the sentencing guidelines. For several reasons, we think such a step would be premature. The matter was never presented to the district court (due in part to the different position advanced by the government below) and has not been fully addressed in this court (due in part to the intervening motion to withdraw submitted by defense counsel). At least at first glance, several contrasting methods for resolving the issue appear plausible. See, e.g., United ___ ____ ______ States v. Jordan, 842 F. Supp. 1031, 1033-34 (M.D. Tenn. ______ ______ 1994);1 U.S.S.G. 2D1.1(c), comment. (n.18). Depending on the findings reached by the district court on remand, the possible sentencing ranges or sentences may each fall short of the applicable five-year mandatory minimum--rendering ____________________ 1. This case was not cited by appellant and we commend government counsel for calling it to the court's attention. -2- resolution of the issue unnecessary. And defendant will have new counsel on remand. For these reasons, we think it preferable to have the district court address the matter in the first instance, on the basis of all arguments the parties deem pertinent. The motion of defendant's counsel to withdraw is allowed. The motion for appointment of replacement counsel is denied without prejudice; defendant is directed to file such a motion with the district court. As defendant will soon have been incarcerated for five years--the mandatory minimum--we urge the district court to address these matters as promptly as possible. The amended sentence is vacated and the case remanded ________________________________________________________ for resentencing. The motion to withdraw is allowed. The _____________________________________________________________ motion for appointment of counsel is denied without prejudice _____________________________________________________________ to its submission to the district court. ________________________________________ -3-